MELINDA HAAG (CABN 132612)
United States Attorney

DAVID R. CALLAWAY (CABN 121782)
Chief, Criminal Division

BRIGID S. MARTIN (CABN 231705)
Assistant United States Attorney
    1301 Clay Street, Suite 340S
    Oakland, California 94612
    Telephone: (510) 637-3680
    FAX: (510) 637-3724
    brigid.martin@usdoj.gov

Attorneys for the United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 15-00116 PJH |
| Plaintiff, | [~~PROPOSED~~] ORDER OF DETENTION PENDING TRIAL |
| v. | |
| ADAM GIFF SREY, | |
| Defendant. | |

    Defendant Adam Giff Srey is charged in a two-count Indictment with being a felon in possession of a firearm, in violation of 18 U.S.C. §922(g)(1); and with possession or transfer of a machinegun, in violation of 18 U.S.C. §922(o).

    On March 4, 2015, the defendant was arraigned on the Indictment. At that time, the government moved for the defendant's detention pursuant to 18 U.S.C. § 3142, and requested a detention hearing, as permitted by 18 U.S.C. § 3142(f). The Court set the matter for a detention hearing on March 9, 2015. On March 9, 2015, the parties appeared for the scheduled detention hearing. At that time, however, the defense requested that the hearing be reset to allow the defense time to obtain additional sureties and have them interviewed by Pretrial Services. The Court reset the detention hearing for March 12, 2015.

~~Proposed~~ Order of Detention
CR 15-00116 PJH

On March 12, 2015, following a full detention hearing, including the defendant's proffer of possible sureties, held pursuant to 18 U.S.C. § 3142(f), and considering the Pretrial Services bail study and oral proffers of counsel as reflected on the record, and the factors set forth in 18 U.S.C. § 3142(g), the Court ordered the defendant detained, finding that the government had met its burden of showing by clear and convincing evidence that no condition or combination of conditions in 18 U.S.C. § 3142(c) will reasonably assure the safety of any other person and the community.

Specifically, the Court took note of the defendant's criminal history as reflected in the Pretrial Services bail study and summarized by the government at the hearing, including the defendant's state felony conviction in 2010 for unlawful possession of a firearm, one of the same crimes the defendant is now charged with in this case. The Court further noted that at the time the defendant was arrested with firearms in this case, he was still on probation for his state conviction. In addition to his probation violation in this instance, the defendant also had at least four additional probation revocations since his first felony conviction in 2003 for first degree burglary. Two of those probation revocations resulted from 2010 and 2011 arrests for domestic violence assaults on the defendant's pregnant girlfriend. The defendant is currently restrained from contact with the victim-girlfriend.

The Court also considered the nature and circumstances of the charged criminal conduct in this case. The government proffered to the Court that the defendant communicated online with an undercover agent and agreed to sell or trade firearms or firearm auto sears which can be added to semiautomatic firearms to make them fully automatic machineguns. The defendant then met with an undercover federal agent and gave the agent two such auto sear mechanisms that one could use to convert firearms into automatically firing machineguns. The defendant had agreed to trade these items for a Glock pistol and cash. The defendant met with the undercover agent, made the trade, and was immediately arrested. During a search of the defendant's home after his arrest, the agents found a loaded rifle with a large capacity thirty-round rifle magazine, an additional ten round rifle magazine, three Glock nine-round magazines, a rifle pistol grip, an empty Glock pistol box, a speed loader, gun cleaning supplies, a finishing jig for an AR-15 80% lower receiver in a box with instructions, a Drill Master tool, other various firearm tools, and a total of 96 rounds of ammunition.

The Court found that the nature and circumstances of the charged conduct, as well as the

defendant's criminal history, including his failure to successfully complete any term of probation without committing additional crimes, demonstrate that the defendant would be a danger to the community if released.  Therefore, the defendant is ordered detained as no condition or combination of conditions will reasonably assure the safety of any other person and the community.

The defendant is committed to the custody of the Attorney General or a designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or held in custody pending appeal.  18 U.S.C. § 3142(i)(2).  The defendant must be afforded a reasonable opportunity to consult privately with counsel.  18 U.S.C. § 3142(i)(3).  On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility must deliver the defendant to the United States Marshal for court appearances.  18 U.S.C. § 3142(i)(4).

IT IS SO ORDERED.

DATED: March 13, 2015

_____
HON. KANDIS A. WESTMORE
United States Magistrate Judge